Matthew P. Todd, Esq. / #133023
TODD & ASSOCIATES
904 Silver Spur Road #423
Palos Verdes, California 90274
310/742-7387
866/781-0419 Fax
matthew@toddlawyers.com

*Attorney for Plaintiff*

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

AUG 1 5 2014

Sherri R. Carter, Executive Officer/Clerk
By: Moses Soto, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

### BC 5 5 4 7 2 4

| | |
|---|---|
| KIRSTIN ALLISON, an individual and on behalf of the Estate of Mitchell Allison;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDONDO BEACH, CHIEF W. JOSEPH LEONARDI, POLICE OFFICER #1; POLICE OFFICER #2, POLICE OFFICER #3, POLICE OFFICER #4 and DOES 1 – 100, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND WRONGFUL DEATH**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff KIRSTIN ALLISON on her own behalf and on behalf of the Estate of Mitchell Allison alleges:

### BRIEF STATEMENT OF THE CASE

1.     This action arises from the death of Mr. Mitchell Allison; a 43 year-old man who was gunned down from behind as he stood in the kitchen area of the family home located in the City of Redondo Beach, California.  Plaintiff sues for violations of civil rights and under California common law including but not limited to California *Code of Civil Procedure* §377.60.

**JURISDICTION AND VENUE**

2.     Venue is proper in the County of Los Angeles because the Defendants are located in the City of Redondo Beach, County of Los Angeles and pursuant to the Court's General Order with respect to personal injury actions.  Jurisdiction in the Superior Court is proper as the action is one for which this Court is empowered to grant relief.

**PARTIES**

3.     Plaintiff KIRSTIN ALLISON is the surviving sibling and successor in interest for the Estate of Mitchell Allison on whose behalf this action is also filed.

4.     Defendant CITY OF REDONDO BEACH (hereinafter "CITY") is a governmental entity under the laws of the State of California, to wit, a city government.

5.     Defendant CHIEF W. JOSEPH LEONARDI (hereinafter "LEONARDI") was at all relevant times, the Chief of the Redondo Beach Police Department and he committed the acts and omissions complained of herein while acting within his duties as Chief and is therefore, sued in his official capacity.

6.     Defendants POLICE OFFICERS #1, #2, #3 and #4 were at all relevant times, sworn peace officers in the employ of the Redondo Beach Police Department and were required to exercise their duties lawfully with respect to individual members of the general public, including the Decedent and they committed the acts and omissions complained of herein while acting on behalf of the CITY. Plaintiff does not know the true identities of POLICE OFFICERS #1 - #4 and Defendant CITY has thus far refused to identify them by name.  Plaintiff will amend this Complaint to substitute the true names of POLICE OFFICERS #1 - #4 when they are ascertained.

7.     Plaintiff does not know the true identities and capacities of those defendants sued herein as DOES 1 – 80 and therefore sues such defendants by such fictitious names.  Plaintiff is informed, believes, and thereon alleges that DOES 1 – 80 are employees of Defendant CITY and that they are in some manner responsible for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend this Complaint to substitute the true names and capacities of such Doe defendants when the same has become known to her.

8.      Surviving members of the decedent's family have not been joined as a plaintiff herein after notification about Plaintiff's claim.  DOES 81 – 100 are reserved for said surviving members and Plaintiff reserves the right to seek leave to amend this Complaint to substitute the names of said surviving members pursuant to California *Code of Civil Procedure* §382.

## VICARIOUS LIABILITY

9.      Defendants LEONARDI, POLICE OFFICERS #1 - #4 and Does 1 through 80 acted within the course and scope of their employment with Defendant CITY in committing the acts complained of herein.

## PUNITIVE DAMAGES

10.     In committing the acts and omissions complained of herein, Defendant CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80 acted under color of law and with malice, oppression and deliberate and reckless disregard for Plaintiff's and Decedent's civil rights and personal safety.  Plaintiff is thus entitled to an award of punitive damages against each of them.

## GOVERNMENT TORT CLAIMS ACT

11.     Plaintiff timely filed a Claim for Damages and a First Amended Claim for Damage with the City Clerk for Defendant CITY in February 2014 and no action has yet been taken by Defendant CITY upon the claim or amended claim.  Plaintiff filed a FOIA request for information from Defendant CITY concerning the matters set forth in her claim but Defendant CITY largely denied the FOIA request.

## STATEMENT OF FACTS

12.     On or about August 16, 2013, Police Officer #1 and Police Officer #2 were dispatched to and arrived at the Allison Family residence due to a reporting call from a neighbor indicating an ongoing disturbance.  When Police Officer #1 and Police Officer #2 arrived on scene, Mr. Allison and his mother were outside on the front porch of the Allison Family residence and Mr. Allison was

attempting, without success, to get his mother to come back into the home.  When Police Officer #1 and Police Officer #2 got out of their vehicle, Mr. Allison went inside the Allison Family residence, leaving his mother outside to speak with the police officers.

13.    Because of the abject refusal of Defendant CITY to comply with the Plaintiff's FOIA request, Plaintiff lacks full personal knowledge about all the circumstances causing the death of Mitchell Allison but based upon a preliminary investigation, she alleges the following facts upon information and belief:

13.1    Mr. Allison's mother was speaking with Police Officer #1 and Police Officer #2 on the front porch of the Allison Family residence and was uninjured and unharmed.  Police Officer #1 and Police Officer #2 knocked on the front door in order to speak with Decedent Allison.  Decedent Allison did not respond and did not open the front door.  Within a minute or two, Police Officer #3 and Police Officer #4 arrived on scene.

13.2    At least one officer went around to the backyard of the Allison Family residence and looked through a rear window or door.  Decedent Allison was standing in the kitchen wearing a bathrobe.  Decedent Allison was the only occupant of the house at that time.  An officer was able to and did keep Decedent Allison in full view.  Decedent Allison did not open the back door and did not leave the kitchen and remained in full view of the officers.

13.3    Within 3 – 5 minutes, at least one officer apparently became impatient and unilaterally decided to force entry into the residence in order to forcibly extract Decedent Allison from his kitchen.

13.4    The Defendants made no attempt to use non-lethal force to secure Decedent Allison's attention if they wanted to speak with him – assuming falsely but arguendo that an interview was necessary.  Instead, less than 10 minutes after arriving at the Allison Family residence, the sole occupant of which was Decedent Allison, at least one of the police officers opened fire while Decedent Allison was facing away from the shooter.  Decedent Allison was shot in the back multiple times and those gunshots were the principal cause of his death.  Police Officers #1 - #4 used excessive and unreasonable force against Decedent Allison.  Paramedics with the Redondo Beach Fire Department

1  was summoned to care for the shooting victim who was eventually pronounced dead by medical
2  personnel.

### FIRST CAUSE OF ACTION

VIOLATION OF DECEDENT'S RIGHT TO PERSONAL SAFETY & SECURITY

(Against Defendants CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80)

14.     Plaintiff incorporates all preceding paragraphs as though they were alleged in full in this cause of action.

15.     At all relevant times, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, the laws of the State of California and common law principles provided that persons have the right to enjoy personal safety and security and that Defendants CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80 had a corresponding duty to take reasonable precautions to ensure Decedent Allison's safety and security while he was in his own home, not under arrest, and not detained.

16.     Defendants identified herein used unreasonable and excessive force against Decedent Allison, thereby proximately cause him injury and death in violation of Decedent's Fourteenth Amendment rights and depriving Decedent Allison of rights, privileges and immunities secured to Decedent according to statutes, common law and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff sues for relief as set forth below.

### SECOND CAUSE OF ACTION

FAILURE TO ADEQUATELY TRAIN, SUPERVISE AND DISCIPLINE STAFF

(Against Defendants CITY, LEONARDI and DOES 1 - 80)

17.     Plaintiff incorporates all preceding paragraphs as though they were alleged in full in this cause of action.

18.     At all relevant times, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, the laws of the State of California and common law principles provided that Defendants

1  CITY, LEONARDI and DOES 1 - 80 had a duty to adequately train, supervise and discipline

2  personnel in order to safeguard the health and safety of members of the general public from acts and/or

3  omissions and/or other unlawful conduct by impatient and overzealous sworn peace officers.

4       19.     Said defendants were deliberately indifferent to their duties to properly train, discipline

5  and supervise sworn peace officers thereby proximately causing Decedent's death and depriving

6  Decedent Allison of rights, privileges and immunities secured to Decedent according to statutes,

7  common law and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

8       WHEREFORE, Plaintiff sues for relief as set forth below.

9

10                          **THIRD CAUSE OF ACTION**

11       VIOLATION OF PLAINTIFF'S RIGHTS TO ENJOY CONTINUED FAMILY RELATIONS

12       (Against Defendants CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80)

13       20.     Plaintiff incorporates all preceding paragraphs as though they were alleged in full in this

14  cause of action.

15       21.     The Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, the

16  laws of the State of California and common law principles protect the rights of persons to enjoy

17  continued family relations with each other.

18       22.     By proximately causing the death of Decedent Allison, Defendants and each of them

19  violated the rights of Plaintiff to enjoy the continued companionship and society of Decedent Allison.

20       WHEREFORE, Plaintiff sues for relief as set forth below.

21  ///

22  ///

23  ///

24

25

26

27

28

**FOURTH CAUSE OF ACTION**

DEPRIVING PERSONS OF RIGHTS OR PRIVILEGES

(Against Defendants CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80)

23.     Plaintiff incorporates all preceding paragraphs as though they were alleged in full in this cause of action.

24.     The Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1985(3), the laws of the State of California and common law principles protect the rights of Plaintiff and Decedent Allison from a conspiracy of two of more of the Defendants for the purpose of depriving, either directly or indirectly, any person of (a) equal protection of the law; and (b) equal privileges and immunities under the law; and for the purpose of preventing and hindering the constituted authorities from giving and securing to Plaintiff and Decedent equal protection of the law; or a deprivation of liberty and property without due process of law.

25.     By proximately causing the death of Decedent Allison, Defendants and DOES 1 - 80 acted in concert and in furtherance of the object of the conspiracy and in so doing, violated the rights of Plaintiff and Decedent and deprived them of rights and privileges secured to Plaintiff and Decedent according to statutes, common law and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff sues for relief as set forth below.

**FIFTH CAUSE OF ACTION**

FAILURE TO PREVENT DEPRIVATION OF RIGHTS OR PRIVILEGES

(Against Defendants CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80)

26.     Plaintiff incorporates all preceding paragraphs as though they were alleged in full in this cause of action.

27.     The United States Constitution, 42 U.S.C. §1986, the laws of the State of California and common law principles impose a duty upon the Defendants and each of them to intervene to prevent wrongdoing committed against the Plaintiff and Decedent relative to the deprivation rights or privileges to which they were being subjected.

28.     Said Defendants were deliberately indifferent to their duties and thereby proximately caused Decedent's death and deprived Plaintiff and Decedent Allison of their respective rights, privileges and immunities and in so doing, violated 42 U.S.C. §1986.

WHEREFORE, Plaintiff sues for statutory relief and for the relief as set forth below.

## SIXTH CAUSE OF ACTION

WRONGFUL DEATH – CAL. *CODE OF CIVIL PROCEDURE* §377.60

(Against Defendants CITY, LEONARDI, POLICE OFFICERS #1 - #4 and DOES 1 - 80)

29.     Plaintiff incorporates all preceding paragraphs as though they were alleged in full in this cause of action.

31.     Plaintiff is the sister and heir at law of Decedent Allison.  Other surviving family members of Decedent Allison have not consented to be joined as a plaintiff and may be substituted pursuant to California *Code of Civil Procedure* §382 in place of DOES 81 – 100.

32.     The wrongful acts of Defendants and each of them proximately caused the death of Decedent Allison and thus injured Plaintiff as set forth below.

33.     Plaintiff has suffered the loss of society, comfort, companionship, care and protection of her brother as well as the financial support she would have received from him had he lived.

WHEREFORE, Plaintiff sues for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff sues for relief as follows:

1.     Compensatory damages in the amount of $2,000,000.00;

2.     Special damages according to proof at trial;

3.     Punitive damages according to proof at trial;

4.     Statutory damages according to proof at trial;

5.     Pre-judgment and post judgment interest as provided by law;

///

///

6.    Attorneys' fees and costs of suit pursuant to 42 U.S.C. §1988, Civil Code §§52, 52.1;

7.    Such other and further relief to which the Plaintiff may be entitled under law;

8.    Such other and further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands a jury trial.

DATED: August 12, 2014                TODD & ASSOCIATES

By: _____
                                                 MATTHEW P. TODD
                                                 Attorneys for Plaintiff