*[Exempt From Filing Fee Cal. Gov.Code § 6103]*

Mildred K. O'Linn (State Bar No. 159055)
 mko@manningllp.com
Tony M. Sain (State Bar No. 251626)
 tms@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
CITY OF REDONDO BEACH AND (RET.)
POLICE CHIEF W. JOSEPH LEONARDI

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

SEP 29 2015

Sherri R. Carter, Executive Officer/Clerk
By: Kristina Vargas, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| KIRSTIN ALLISON, an individual and on behalf of the Estate of MITCHELL ALLISON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF REDONDO BEACH, CHIEF W. JOSEPH LEONARDI, POLICE OFFICER # 1, POLICE OFFICER # 2, POLICE OFFICER # 3, POLICE OFFICER # 4, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. BC 554724<br>[Assigned for All Purposes to:<br>Hon. Michelle R. Rosenblatt, Dept. 40[1]]<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>Action Filed: 08/15/2104<br>Trial Date: Not Yet Set |

Defendants CITY OF REDONDO BEACH AND (RET.) POLICE CHIEF W. JOSEPH LEONARDI ("defendant(s)") hereby Answer(s) plaintiffs' Complaint for Damages on file herein (filed on or about August 21, 2015 – herein after as "Complaint") and defendant(s) hereby admit, deny, and allege as follows:

1. Pursuant to Code of Civil Procedure section 431.30, defendant(s) deny generally and specifically each and every allegation in the Complaint and deny liability as to each and every

---
[1] PLEASE TAKE NOTICE that defendants are seeking to remove this matter to Federal Court on federal question grounds. Associated papers are filed separately before this honorable State Court.

G:\docsdata\MKO\Allison Pleadings\Answer.001 Deft STATE.docx   1   Case No. BC 554724
**DEFENDANTS' ANSWER TO INITIAL COMPLAINT IN STATE COURT**

cause of action alleged therein. Defendant(s) further deny that plaintiff(s) has (have) been damaged in the sum alleged in the Complaint, or any other sum, or at all, by any named defendants' actions or omissions.

2. Further answering plaintiff's Complaint on file herein, and the whole thereof, the answering defendant(s) deny that the plaintiff(s) has (have) sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the answering defendant(s) for which any of the defendant(s) may be liable.

3. Additionally, to the extent that plaintiff's Complaint alleges any negligence by defendant CITY OF REDONDO BEACH regarding the conduct, acts, or omissions of defendant's peace officers, defendant CITY OF REDONDO BEACH is immune from all liability for its own (alleged) negligence regarding its law enforcement officers – including but not limited to any and all claims for negligent supervision, hiring, training, investigation, and/or discipline of its officers (but *not* including any claims alleging *vicarious* liability for the alleged negligence of the public entity's employees). *See Munoz v. City of Union City*, 120 Cal.App.4th 1077, 1101-1103, 1113 (2004) (holding that plaintiffs in a police use of force case could not bring a claim for direct liability for negligence against the public entity arising from a police shooting); *see also Hayes v. County of San Diego*, 57 Cal.4th 622, 629 (2013); *de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007) (public entities are immune from direct, non-vicarious liability for negligence associated with law enforcement); *see also* Cal. Gov Code §§ 815, 815.2.

## AFFIRMATIVE DEFENSES

4. As separate and affirmative defenses, defendants allege as follows[2]:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Valid Claim)

5. Plaintiffs' Complaint fails to state a claim upon which relief can be granted. Plaintiffs' Complaint also fails to state a claim against any defendant in this action.

---

[2] For purposes of the affirmative defenses, affirmative defenses that reference "plaintiff(s)" shall also be construed to apply, wherever feasible, to plaintiff's decedent. Although asserted here as "affirmative" defenses, defendants do not contend that all of the defenses listed herein require proof by defendants.

6. Plaintiffs have failed to allege in this Complaint sufficient facts to state a claim for compensatory or punitive damages for any action taken by any Defendants in his individual or official capacity.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7. Plaintiffs' action is time-barred by the operative statute(s) of limitations. Plaintiffs' Complaint and each purported cause of action therein is barred by the applicable statute of limitations, including, but not limited to California Code of Civil Procedure §§ 335.1, 337, 337.1, 337.15, 338(a), 338(b), 338(c), 338(d), 339, 340(3) and/or 343.

8. Plaintiffs' action is barred by laches and delay on the plaintiffs' part to the prejudice of defendants.

## THIRD AFFIRMATIVE DEFENSE

### (Tort Claims Act Violation)

9. This action is barred by the plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including, but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2 and 950.6, to the extent applicable.

10. The Complaint is barred based on plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

11. Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

12. Plaintiffs' recovery is barred because the factual allegations of the complaint do not correspond with the facts set forth in plaintiffs' written claim. The complaint thereby alleges a factual basis for recovery which is not fairly reflected in the written claim.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

13. Plaintiffs' claims are barred or limited to the extent any plaintiff failed to mitigate

plaintiff's injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, Unclean Hands)

14. Defendants allege that plaintiffs' action is barred by reason of conduct, actions and inactions of plaintiffs which amount to and constitute a waiver of any right plaintiff may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Contributory and/or Comparative Liability)

15. Plaintiffs' claims are barred or limited by plaintiffs' and/or decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiff suffered any injury or damages, it was the result of plaintiff's and/or decedent's own negligent or deliberate actions or omissions.

16. Plaintiff's recovery is barred because any injury or damage suffered by plaintiffs' decedent and/or to plaintiffs was caused solely by reason of the plaintiffs' decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties. The conduct set forth in the complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendants on account of such conduct.

## SEVENTH AFFIRMATIVE DEFENSE

### (Public Entity/Employee Immunity for Others' Torts)

17. Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

18. The answering Defendant(s) is/are informed and believes and thereon alleges that if any plaintiff sustained any injury or damages, such injury or damages were solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendant(s). To the extent that any plaintiff's damages were so caused, any recovery by plaintiffs as against the answering defendant(s) should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Public Entity/Employee Immunity for Discretionary Acts)

19. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq.*

20. Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

21. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2. Based thereon, each of the answering Defendants is immune from liability for any injuries claimed by plaintiffs, herein.

22. These defendants are immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiff complains pursuant to Government Code § 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq.*, including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

///

## NINTH AFFIRMATIVE DEFENSE

### (Public Entity Immunity)

23. To the extent that the Complaint attempts to predicate liability upon any public entity Defendants or any employee thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

24. These defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

## TENTH AFFIRMATIVE DEFENSE

### (Qualified Immunity & Good Faith Immunity)

25. Defendants and his/their agents or officers at all times relevant to this action acted reasonably and prudently under the circumstances. Defendants therefore assert the individual defendants' Qualified Immunity from liability to the fullest extent applicable.

26. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that their acts and conduct were appropriate. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because

their conduct did not violate clearly established rights. Defendant(s) is/are also immune from liability under the doctrine of Qualified Immunity.

27. At all relevant times, Defendants acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws. *Harlow v. Fitzgerald* (1982) 457 U.S. 800; Cal Gov. Code §§ 815.2 and 820.2.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

28. At the time and place referred to in the Complaint for Damages, and before such event, plaintiff knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiff then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

## TWELFTH AFFIRMATIVE DEFENSE

### (Res Judicata)

29. The Complaint is barred under the doctrine of collateral estoppel (issue preclusion) and/or res judicata (claim preclusion).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Contribution & Joint/Several Liability)

30. At the time of Trial, the answering defendant(s) may elect to limit or diminish plaintiffs' alleged damages of losses as provided and authorized by California Civil Code § 3333.1, California Civil Code § 3333.2 and California Code of Civil Procedure § 667.1, and the provisions of Proposition 51 as enacted into law in the State of California.

31. In the event that any of the answering defendants herein is found to be liable for damages to any plaintiff, the liability, if any, for any amount of non-economic damages, if awarded, shall be reduced or limited pursuant to Civil Code § 1431.2, in direct proportion to each individual answering defendant's percentage of negligence or fault in relation to the fault of all

joint tortfeasors, or other liable persons, whether joined as defendants or not; and that a separate judgment be rendered against each answering defendant for such amount.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Absence of Duty)

32. These defendants owed no legal duty to plaintiff, as described in plaintiff's Complaint for Damages, or otherwise.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unavoidable/Emergency Circumstances & Superseding Cause)

33. To the extent that any plaintiff suffered any detriment, such detriment was unavoidable.

34. The damages or injuries complained of by plaintiff, if any, were the result of an emergency situation, not created by any fault of any Defendants, and into which they suddenly and unexpectedly were placed.

35. The answering Defendant(s) is/are informed and believe and thereon allege that the damages complained of in plaintiffs' Complaint, if any, resulted from an unforeseeable and superseding cause thereby barring either partially or totally plaintiff's claimed damages herein. The answering Defendant(s) is/are informed and believe and thereon allege that each and all of the purported causes of action and theories of relief asserted by plaintiffs in the Complaint are barred by virtue of an independent intervening cause.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Compulsory Joinder)

36. Plaintiffs' claims are barred for failure to join an indispensable party under Federal Rule of Civil Procedure 19 and/or California Code of Civil Procedure section 389, *et seq.*

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Immunity from Punitive Damages)

37. Plaintiffs may not recover punitive damages against a governmental entity, or against governmental employees acting in their official capacity, under federal or state law. Cal. Govt. Code § 818; *City of Newport v. Fact Concerts, Inc.* 453 U.S. 247, 271 (1981); *Mitchell v.*

1 | *Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996).

2 | 38.  At no time and place mentioned in the Complaint for Damages, did Defendant(s) act with deliberate indifference or malicious intent to deprive any person of any Constitutional or legal right or to cause any other injury and, therefore, Defendant(s) is/are immune from liability.

39.  Any claim for punitive damages is unconstitutional and invalid in that it violates the United States Constitution, including but not limited to the Due Process Clause of the Fifth and/or Fourteenth Amendments, as well as the Fifth, Sixth, Eighth, and/or Ninth Amendments.

## NINETEENTH AFFIRMATIVE DEFENSE[3]

### (Reasonable Seizure-Related Conduct)

40.  The acts complained of by plaintiffs were committed in the course of making a lawful seizure, arrest, and/or search.  In making this lawful seizure, the officers used only reasonable force.

41.  Any use of force by any of the individual defendants was privileged as being objectively reasonable and/or in lawful self-defense or defense of third parties and/or as being appropriate to overcome resistance and/or to redress the commission of a public offense and/or because peace officers had reasonable cause to believe that plaintiffs' decedent had committed a public offense and/or that exigent circumstances existed, including but not limited to an immediate threat of death or serious bodily injury to Defendants' peace officers or to others.

42.  The plaintiffs' claims related to peace officers' use of force are barred because a peace officer making a detention or arrest need not retreat in the face of resistance and cannot be deemed the aggressor or lose their right to self-defense by using force.

43.  In the detention/arrest at issue, if any, plaintiffs' decedent was subjected to a reasonable amount of non-deadly force for the protection of the officers or to prevent escape of the persons detained or loss of property, all pursuant to Cal. Penal Code § 490.5.

44.  Defendants deny that plaintiffs have been deprived of any rights, privileges, or

---

[3] Defendants do not contend that there has been, and defendants do not agree to accept, any shifting of the burden of proof from plaintiffs, who bear the burden of proving that a seizure or associated injury was unlawful/unconstitutional.  Defendants are not required to prove that a seizure or associated injury was lawful in this civil action.

immunities guaranteed by the Constitution or laws of the United States or by the Constitution or laws of the State of California, and therefore Defendants are immune from liability.

45. Plaintiffs have suffered no actual injury due to Defendants' conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Civil Rights)

46. Plaintiffs' claim under the Federal Civil Right Act is barred because the complaint fails to allege facts that go beyond mere tortious conduct and rise to the dignity of a civil rights violation.

## RESERVATION OF AFFIRMATIVE DEFENSES

47. Because the Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendant regarding any of plaintiffs' claims, or elements thereof.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, the answering Defendant(s) pray as follows:

1. That Plaintiff(s) take nothing by this action;
2. That Defendant(s) be awarded attorneys' fees and costs of this suit and costs of proof; and
3. That Defendant(s) be awarded such other relief as the Court deems just.

DATED: September 29, 2015

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: *(signature)*
Mildred K. O'Linn, Esq.
Tony M. Sain, Esq.
Attorneys for Defendants,
CITY OF REDONDO BEACH AND (RET.)
POLICE CHIEF W. JOSEPH LEONARDI

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial before a jury on all issues presented by plaintiffs' operative Complaint that are or may be triable to a jury.

DATED: September 29, 2015

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: *[signature]*
Mildred K. O'Linn, Esq.
Tony M. Sain, Esq.
Attorneys for Defendants,
CITY OF REDONDO BEACH AND (RET.)
POLICE CHIEF W. JOSEPH LEONARDI

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On September 29, 2015, I served true copies of the following document(s) described as **ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

Matthew P. Todd, Esq.
TODD & ASSOCIATES
904 Silver Spur Road, #423
Palos Verdes, CA 90274
Tel.: (310) 742-7387
Fax: (866) 781-0419
Email: matthew@toddlawyers.com

Attorney for Plaintiff, Kirstin Allison, an individual and on behalf of the Estate of Mitchell Allison

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 29, 2015, at Los Angeles, California.

61-44131

Irma Castellanos