Mildred K. O'Linn (State Bar No. 159055)
Tony M. Sain (State Bar No. 251626)
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*mko@manningllp.com; tms@manningllp.com*

Attorneys for Defendants,
CITY OF REDONDO BEACH AND (RET.) POLICE
CHIEF W. JOSEPH LEONARDI

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIRSTIN ALLISON, an individual and on behalf of the Estate of MITCHELL ALLISON, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF REDONDO BEACH, CHIEF W. JOSEPH LEONARDI, POLICE OFFICER # 1, POLICE OFFICER # 2, POLICE OFFICER # 3, POLICE OFFICER # 4, and DOES 1-100, inclusive, <br><br> Defendants. | Case No.: 2:15-cv-07712 MWF PLAx <br> *[District Judge Michael W. Fitzgerald; Magistrate Judge Paul L. Abrams]* <br><br> **DEFENDANTS' PROPOSED JOINT REPORT OF THE PARTIES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(F)** <br><br> State Complaint Filed:  08/15/2014 <br> Scheduling Conference:  11/30/2015 <br> Trial Date:  Not Yet Set |

**TO THE HONORABLE COURT:**

By and through their counsel of record in this action, Defendants CITY OF REDONDO BEACH AND (RET.) POLICE CHIEF W. JOSEPH LEONARDI (collectively herein after as "Defendants") **attempted to meet and confer** with plaintiff KIRSTIN ALLISON, an individual and on behalf of the Estate of MITCHELL ALLISON on October 15, 19, 26, 2015 and November 12, 2015 by letter and email correspondence and by telephone – pursuant to (to the extent applicable) Federal Rule of Civil Procedure 26(f), United States District Court, Central District of California Local Rule 26-1, and this Court's November 2, 2015,

Order Setting Scheduling Conference [Dkt. Doc. 11] and in order to prepare and submit this Joint Report.

However, despite all of these many attempts, as of the filing date of this status report, **plaintiff has not engaged in the Rule 26(f) conference with Defendants**. Accordingly, Defendants have been left with no choice but to file this proposed report only on behalf of Defendants.

Attached as **Exhibit "A"** to this status report is a true and correct copy of the correspondence that Defendants' counsel has made to plaintiff's counsel in a good-faith effort to facilitate the conference of counsel required by Rule 26(f).

## 1. STATEMENT OF THE CASE AND FACTUAL CONTENTIONS.

This case arises out of an officer-involved shooting that occurred on August 16, 2013 when Redondo Beach Police Department officers responded to a home on a disturbance call that one of the residents, Mitchell Allison, escalated until deadly force was used. Defendants' investigation is continuing.

## 2. SUBJECT MATTER JURISDICTION AND VENUE.

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983 regarding events that occurred in Los Angeles County, which is within the Central District of California. Accordingly, there is no credible dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction); or that this Court is a proper venue for the case. *See* 28 U.S.C. § 1391 (re venue is proper if the incident occurred in the federal district where suit is brought).

## 3. PLEADING ISSUES.

### A. Status of Service of Process.

Plaintiff has filed and served his Complaint on Defendants, filing in State Court on August 15, 2014, and serving the summons on Defendants on or about September 22, 2015 (over one year later). Defendants timely filed an Answer to the Complaint in State Court on September 29, 2015. Defendants then **removed the case to Federal Court** on federal question grounds. [Dkt. Doc. 1-5.]

B. **Possible Joinder of Additional Parties.**

Defendants have no knowledge as to whether plaintiff anticipates amending plaintiff's Complaint or adding parties.

Defendants have <u>requested</u> that plaintiff **voluntarily dismiss with prejudice** the following claims and parties:

1. The City and Police Chief from plaintiff's First, Third, Fourth, and Fifth Causes of Action – as improper defendants to those types of non-*Monell* claim under 42 U.S.C. § 1983 (*e.g.*, Excessive Force claim or the Deprivation of Familial Relations Claim);

2. The Police Chief, Police Officers 1-4, and Does 1-80 from plaintiff's Second Cause of Action – as improper defendants to the *Monell* claim under 42 U.S.C. § 1983;

3. Plaintiff's Fourth Cause of Action for Equal Protection violation in its entirety;

4. Plaintiff's Fifth Cause of Action for Conspiracy in its entirety;

5. And Does 11-80 – as unnecessary/excessive doe defendants.

Plaintiff has not responded to Defendants' request for dismissal, and Defendants anticipate bringing a motion to dismiss/motion for judgment on the pleadings (in part) pursuant to Fed. R. Civ. P. 12 on the foregoing issues. [*See also* Ex. A, letter date October 19, 2015.]

Defendants do not anticipate naming any additional parties unless and until additional investigation or discovery reveals non-party civilians who may be liable for any or all of Plaintiff's alleged damages.

C. **Any Expected Amendment of Pleadings.**

Defendants have no knowledge as to whether plaintiff anticipates amending plaintiff's Complaint or adding parties.

D. **Complex Case.**

This is a use of force case with *Monell* allegations: it is not complex, unless

plaintiff makes the *Monell* issues overly complex or unduly burdensome.

### E. Operative Claims.

In his operative Complaint, plaintiff sues Defendants under the following operative legal theories and cause(s) of action:

1. A claim for **Excessive/Unreasonable Force** against decedent in violation of the Fourth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants City, Chief Leonardi, Police Officers 1-4, and DOES 1-80 [First Cause of Action];

2. A claim for ***Monell* Violation re Failure to Train, Supervise, and Discipline**, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants City, Chief Leonardi, and DOES 1-80 [Second Cause of Action];

3. A claim for **Deprivation of Familial Relations** with decedent in violation of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants City, Chief Leonardi, Police Officers 1-4, and DOES 1-80 [Third Cause of Action];

4. A claim for **Equal Protection Violation** against decedent in violation of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants City, Chief Leonardi, Police Officers 1-4, and DOES 1-80 [Fourth Cause of Action];

5. A claim for **Failure to Intervene to Preserve Civil Rights** re decedent, pursuant to 42 U.S.C. § 1986 by plaintiff against defendants City, Chief Leonardi, Police Officers 1-4, and DOES 1-80 [Fifth Cause of Action]; and

6. A claim for **Wrongful Death**, pursuant to Cal. Code Civ. Proc. § 377.60 by plaintiff against defendants City, Chief Leonardi, Police Officers 1-4, and DOES 1-80 [Sixth Cause of Action].

Plaintiff seeks compensatory damages (general, special) and punitive damages.

Defendants deny all liability and wrongdoing for any and all of plaintiff's claims. Additionally, as noted above, Defendants contend that some of plaintiff's claims are not actionable as pled as a matter of law. Defendants anticipate bringing an appropriate motion to address the pleading defects of plaintiff's operative Complaint.

### 1. *Ultimate Issues.*

The **ultimate issues** to be decided in this case are thus anticipated to be:

1. [Excessive Force.] Whether or not, under the totality of the circumstances known to them and from the perspective of a reasonable peace officer, the amount of force used by the defendant peace officers was objectively reasonable.

2. [*Monell*/Deliberate Indifference] Whether or not defendants had had constitutionally inadequate training or supervision that caused harm to plaintiff.

3. [Damages] Whether or not plaintiff suffered any actionable harm as a result of the conduct of the City and/or its police officers

## 4. ANTICIPATED MOTIONS.

During the course of litigation of this action, Defendants anticipate that Defendants may file the following motions:

Motion to Dismiss portions of the Complaint and/or motion for judgment on the pleadings;

Discovery motions, potentially seeking monetary, evidence/issue, and/or terminating sanctions;

Motion for summary judgment and/or adjudication of the issues, potentially including on the basis of qualified immunity and/or the *Heck* bar;

Motion for bifurcation of trial on punitive damages issues;

Motions *in limine*, potentially including *Daubert* motions *in limine*; and

Other pretrial and/or post-trial motions as may be appropriate.

5. **ANTICIPATED DISCOVERY.**

The parties anticipate that discovery will be needed on issues of liability and damages. The parties anticipate service of disclosures pursuant to Federal Rule of Civil Procedure 26 as well as propounding written discovery concerning the claims at issue – potentially including interrogatories, requests for production, and requests for admission (potentially including requests for authentication or other foundation as to key record/documentary evidence).

The parties anticipate the taking of the **depositions** of plaintiff, plaintiff's deposition of defendant Davis or other involved officers, investigators, Rule 30(b)(6) witnesses, and depositions of percipient witnesses to the incident(s) at issue. The number of percipient witnesses to the incident is still being investigated, but it is possible that there could be dozens of percipient witnesses or other witnesses who need to be deposed in this action, so as to avoid surprise at trial.

Counsel for the parties will meet-and-confer on any discovery issues and any potential Rule 29 stipulations as may be appropriate.

The parties also anticipate that each side (set of opposing parties) will designate 1-5 **experts** on liability and damages issues, potentially including non-retained experts, and that depositions of such experts will also be taken. However, this estimate is not meant to limit the parties and each party reserves their right to call additional experts as appropriate in light of the circumstances and the nature of the claims and defenses at issue. The parties share the understanding that expert discovery is outside of the presumptive limit on the number of depositions.

Defendants also anticipate pursuing a (preferably stipulated) **protective order re confidential documents**, so as to facilitate relevant discovery and disclosures while preserving certain privileges as well as important and statutory confidentiality interests.

///

///

6. **FUTURE PROCEEDINGS & PROPOSED CASE MANAGEMENT SCHEDULE-DATES.**

   A. **Proposed Case Management Schedule: Discovery, Motions, Experts, Pre-Trial Documents, and Trial.**

Defendants request a case management scheduling order with dates and deadlines comparable to the following to the extent feasible in light of the Court's calendar:

| **Case Management Event:** | **Date-Deadline:** |
|---|---|
| Initial Disclosures Due per Fed. R. Civ. P. 26(a) | December 11, 2015 |
| Motions to Amend Pleadings or Add Parties – Filing Due | January 4, 2016 |
| Motions to Amend Pleadings or Add Parties – Hearing Cut-Off | February 1, 2016 |
| Non-Expert Discovery Cut-Off (Last Day to Complete Non-Expert Discovery) | November 4, 2016 |
| Expert Disclosures - Service Due | November 14, 2016 |
| Rebuttal-Supplemental Expert Disclosures Due | November 28, 2016 |
| Expert Discovery Cut-Off (Last Day to Complete Expert Discovery) | December 12, 2016 |
| Discovery Motion Filing Deadline | December 19, 2016 |
| Discovery Motion Hearing Cut-Off (Last Day for Hearing Discovery Motions) | January 9, 2017 |
| Dispositive Motion/MSJ Filing Deadline | January 16, 2017 |
| Dispositive Motion/MSJ Hearing Cut-Off (Last Day for Hearing Dispositive Motions) | February 13, 2017 |
| Last Day for Parties to Conduct Settlement Conference | February 17, 2017 |
| Last Day to File Parties' Memorandums of Contentions of Fact and Law | February 27, 2017 |
| Last Day to File Motions *in Limine* | March 13, 2017 |
| Last Day to File Pre-Trial Documents (Joint Statement of the Case; Joint Exhibit List, with objections; Joint Witness List; Joint Jury Instructions; Joint Statement of Disputed Jury Instructions; Proposed Verdict Forms; Stipulations of Fact) | March 20, 2017 |
| Final Pre-Trial Conference and Hearing on Motions *in Limine* & Disputed Jury Instructions | April 10, 2017 |
| Trial | May 1, 2017 |

Defendants acknowledge that the Court may have trial calendar conflicts that prevent adoption of the above proposed dates. In such an event, the parties request that alternate dates be scheduled but, to the extent feasible and at the discretion of the Court and as permissible under the applicable Rules, that the relative sequence of deadlines proposed herein above serve as the template for any scheduling order.

**B. Known or Anticipated Calendar Conflicts of Counsel: Defendants' Counsel Calendar Conflicts.**

Defendants' attorneys <u>Mildred K. O'Linn</u> (lead trial attorney) and <u>Tony M. Sain</u> (co-lead trial attorney) have the following known or anticipated trial/calendar conflicts as of the date of this report:

- *Client Training Meetings*: **October 15, 2015**; southern California
- *Client Training Meetings*: **November 1-4, 2015**; northern California
- *Client Training Meetings*: **November 4, 2015**; southern California
- *Client Training Meetings*: **November 17, 2015**; southern California
- *VACATION*: **December 21, 2015-January 2, 2016**
- *Client Training Meetings*: **January 11, 2016**; southern California
- *Client Training Meetings*: **February 3-5, 2016**; northern California
- *Kovacs v. COLA*: **March 15, 2016**; C.D. Cal.; Trial
- *A.P./Perez v. Riverside County*: **March 29, 2016**: C.D. Cal.; Trial (T. Sain only)
- *Dolak v. Torrance*: **March 29, 2016**; C.D. Cal.; Trial
- *Aguilar v. Azusa*: **April 12, 2016**; C.D. Cal.; Trial
- *Trujillo v. COLA*: **April 19, 2016**; C.D. Cal.; Trial
- *McGee v. Gardena*: **April 26, 2016**; C.D. Cal.; Trial (T. Sain only)
- *VACATION*: **May 1-7, 2016** (M. O'Linn only)
- *Parker v. COSB*: **June 28, 2016**; C.D. Cal.; Trial
- *Cardenas v. Manhattan Beach*: **July 12, 2016**; C.D. Cal.; Trial

///

1              • *Stewart v. Gardena*: **November 15, 2016**; C.D. Cal.; Trial (T. Sain
2      only)
3              • *VACATION*: **December 19, 2016-January 2, 2017**
4      **C.     Known or Anticipated Calendar Conflicts of Counsel: Plaintiff's
5              Counsel Calendar Conflicts.**
6           <u>Unknown to Defendants</u>. Plaintiff's counsel has failed to confer with
7      Defendants' counsel despite numerous attempts and outreach.
8      **7.    ANTICIPATED PROCEDURAL OR EVIDENTIARY PROBLEMS.**
9           Litigation of this matter is still in its very preliminary phases, so the parties
10     cannot yet anticipate all of the legal issues that will arise in this action. However,
11     Defendants will endeavor to keep the honorable Court fully informed of such issues
12     during the course of this litigation.
13     **A.    Protective Order re Confidential Documents.**
14          Defendants will seek to confer on a stipulated protective order governing
15     documents that the parties contend are confidential.
16     **B.    Bifurcation of Punitive Damages.**
17          Defendants also propose the following bifurcation of issues for trial:
18          (1)   Phase 1 re Alleged Violation of Rights by Officers During Incident at
19     Issue – Liability and Compensatory Damages (and Punitive Damages predicate);
20     and
21          (2)   Phase 2 re Punitive Damages re Defendant Officers (if any) re
22     Calculation.
23     **8.    RELATED CASES-MATTERS.**
24          At present, Defendants are unaware of any related cases or matters.
25     **9.    SETTLEMENT PROSPECTS.**
26          The parties have <u>not</u> conferred on the prospects for settlement of this matter.
27     However, absent initial disclosures and/or preliminary discovery, Defendants
28     contend that it is premature for the parties to properly assess the prospects for

resolution of this matter by settlement. Defendants select **settlement/ADR procedure no. 3 (private mediation)**.

## 10. TRIAL ESTIMATE.

Defendants expect trial to last approximately 4-5 court days, particularly if the *Monell* issues remain simple or are resolved prior to trial.

## 11. JURY TRIAL STATUS.

In their pleadings on file with the honorable Court, all parties demand a trial by jury in this matter. Accordingly, this action is a jury case.

## 12. TRIAL COUNSEL.

The attorneys who anticipate trying this case on behalf of **Plaintiff** are is listed as Matthew Todd.

The attorneys who anticipate defending this case at trial on behalf of **Defendants** are Mildred K. O'Linn (lead trial attorney) and Tony M. Sain (co-lead trial attorney), and Monica M. DeLeon (trial attorney), all of the law firm of Manning & Kass, Ellrod, Ramirez, Trester, LLP.

///
///
///

### 13. MISCELLANEOUS.

#### A. Request for Authorization for Use of Electronics in Court.

Pursuant to United States District Court, Central District of California Local Rule 83-6.1.5, Defendants request a Court Order for authorization for use of certain equipment inside the Courtroom during the trial of the instant action, to the extent that such equipment is not already permitted by operation of any standing order, including wireless communication devices such as smartphones, laptops, tablet computers, and associated electronic equipment and/or supporting carts so as to facilitate efficient presentation and conduct of the trial.

DATED: November 16, 2015

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Tony M. Sain
    Mildred K. O'Linn, Esq.
    Tony M. Sain, Esq.
    Attorneys for Defendants,
    CITY OF REDONDO BEACH AND
    (RET.) POLICE CHIEF W. JOSEPH LEONARDI

# EXHIBIT A

## Tony Sain

**From:** Tony Sain
**Sent:** Thursday, November 12, 2015 8:36 AM
**To:** matthew@toddlawyers.com
**Cc:** Missy OLinn; Irma Castellanos; Delia Flores; Monique Alvarez
**Subject:** RE: Allison (PC) Rule 26(f) Initial Conference of Counsel

Dear Mr. Todd:

Regrettably, we have not received any response to our letter, call, or emails to your office on the Rule 26 conference or other issues of this case. Please be advised that the Court has set a November 16, 2015 (next Monday) deadline for the parties to file their joint report per Rule 26(f). At present, I am now only available to discuss these issues <u>today</u> (November 12, 2015) at 11:30a or <u>tomorrow</u> (November 13, 2015) at 11:30a. If we do not hear from you before 12:00 noon on November 13, 2015, please be advised that defendants will have no choice but to submit a defendants-only Rule 26(f) report.
Respectfully,
TMS

*[handwritten: Lost Call = 11/12/15 : 12:42 p.m. -310.742.7387]*

**From:** Tony Sain
**Sent:** Monday, October 26, 2015 12:26 PM
**To:** matthew@toddlawyers.com
**Cc:** Missy OLinn; Irma Castellanos; Delia Flores; Monique Alvarez
**Subject:** RE: Allison (PC) Rule 26(f) Initial Conference of Counsel

Dear Mr. Todd:

Please advise as to your availability for a Rule 26(f) initial conference of counsel as per below email and our letter dated 10/19/2015, another copy of which is attached for your convenience.

If you would like to do the Rule 26(f) conference by phone, I am currently available on 11/3/2015 at 10a or 2p; 11/4/15 at 10a; or 11/12/15 at 2:30p. If alternative dates are needed, please let us know. Please note that we requested a response on our proposed motion for partial dismissal by 11/15/15. Thank you for your attention.

Respectfully,
TMS


**From:** Tony Sain
**Sent:** Thursday, October 15, 2015 9:25 AM
**To:** matthew@toddlawyers.com
**Cc:** Missy OLinn; Irma Castellanos; Delia Flores; Monique Alvarez
**Subject:** Allison (PC) Rule 26(f) Initial Conference of Counsel

Dear Mr. Todd:

I'm one of the attorneys defending the City in this civil rights matter. Now that this case has been removed to federal court, we'd like to schedule our initial conference of counsel with you pursuant to Federal Rule of Civil Procedure 26(f). We are happy to schedule this as a telephonic conference for purposes of convenience. Right now, I have several options available the first week of November (11/2-11/6) 2015. **Please advise as to your availability during that week**, and we will calendar the Rule 26 call/meeting accordingly to discuss the case and sort out a case management schedule with you. Thanks!

1

13

Respectfully,

Tony M. Sain, Esq.
MANNING & KASS, ELLROD, RAMIREZ, TRESTER, LLP
801 S. Figueroa Street, 15th Floor at 801 Tower
Los Angeles, CA 90017
213-624-6900 (office), x 2283
213-624-6999 (fax)
tms@manningllp.com



**Los Angeles | Orange County | San Francisco | San Diego | Scottsdale | New York**

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

CONFIDENTIALITY NOTICE:

This message and its attachments are sent by an attorney and may contain information and/or attachments that is/are confidential and protected by privilege from disclosure. As such, this message is intended only for the confidential use of the intended recipient(s). If you are not the intended recipient, or if privileged/protected materials have been inadvertently sent to you, you are prohibited from printing, copying, forwarding or saving this message or its attachments. In such an event, please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately. All rights in this message's contents and/or attachments are reserved. This e-mail is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521 and is legally privileged. Thank you for your cooperation in preserving our firm's/clients' confidentiality and privilege interests.

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

STEVEN D. MANNING
DENNIS B. KASS
ANTHONY J. ELLROD
EUGENE P. RAMIREZ
FREDRIC W. TRESTER
LAWRENCE D. ESTEN
MILDRED K. O'LINN *
THOMAS R. GILL
ALFRED M. DE LA CRUZ
ERWIN A. NEPOMUCENO
BRIAN T. MOSS *
JEFFREY M. LENKOV
MARGUERITE L. JONAK *
JOHN D. MARINO
MICHAEL L. SMITH
LOUIS W. PAPPAS
SHARI L. ROSENTHAL
EUGENE J. EGAN
CLIFFORD A. CLANCEY
RINAT B. KLIER-ERLICH
ROBERT B. ZELMS †
R. ADAM ELLISON
SCOTT WM. DAVENPORT
JASON J. MOLNAR *
KATHLEEN A. HUNT *
STEVEN J. RENICK
JAMES J. PERKINS *
JAMES E. GIBBONS
DANIEL B. HERBERT *
DARIN L. WESSEL *
L. TREVOR GRIMM
MARK A. HAGOPIAN
DAVID GORNEY
SUZIE ZACHAR IRWIN †
DONALD R. DAY *
ALAN C. JABLIN *
D. HIEP TRUONG
TIMOTHY J. KRAL
MICHAEL A. WEISMANTEL
JANET D. JOHN *
KEVIN H. LOUTH

TRACIE L. CHILDS
SHARON S. JEFFREY
CANDACE E. KALLBERG
DAVID R. REEDER *
TOBY D. BUCHANAN
LADELL H. MUHLESTEIN
PETER C. CATALANOTTI
SEVAN GOBEL
RICHARD G. GARCIA
MADONNA A. HERMAN
DAVID V. ROTH
JOHN M. HOCHHAUSLER
ANTHONY S. VITAGLIANO †
JOHN M. COADEN *
JENNIFER SUPMAN
KEITH RICKER †
DEBORA VERDIER †
ELIZABETH MURPHY
MARY E. WORK
JEANETTE DIXON
RICHARD MACK †
ARI MARKOW
KENNETH S. KAWABATA
ROBYN PARK FREIBERG
STEVEN AMUNDSON *
ANDY J. SEMOTIUK *
JULIE M. FLEMING
ROBERT E. MURPHY *
NINA RICCI FRANCISCO
PARI K. SCROGGIN * †
DONALD R. BECK
MARK H. HERSKOVITZ *
PAUL HANNA
ANNE MARIE MCDOWELL
MINAS SAMUELIAN
TONY M. SAIN
CHRISTOPHER KANJO
LORI B. WADE
LAZO GARCIA
CHARLIE FU
FRANK M. LAFLEUR

# MANNING & KASS
## ELLROD, RAMIREZ, TRESTER LLP
### ATTORNEYS AT LAW



15TH FLOOR AT 801 TOWER
801 SOUTH FIGUEROA STREET
LOS ANGELES, CALIFORNIA 90017-3012
TELEPHONE: (213) 624-6900
FACSIMILE: (213) 624-6999
WEB SITE: WWW.MANNINGLLP.COM

ROBERT P. WARGO *
SCOTT A. ALLES †
REBECA VALENZUELA
ALEJANDRO CARAVEO
MARILYN R. VICTOR *
MATTHEW P. NOEL
MAHANTI KASHEH
JONATHAN J. LABRUM *
GENE W. LEE
LISA WONG
KAREN LUH
MARTIN HOLLY
CHRISTOPHER WARREN
DANIEL HERNANDEZ
MOLLIE K. MILLER
DONALD APPLEGATE
JONATHON D. SAYRE
HEATHER M. ANTOINE
KAREN LIAO
KATIE ALLEN
JASON J. DOSHI
AMY L. POPE
TAMARA DARWEESH
ZUBIN FARINPOUR
LAURA MCADAMS
CHRISTINE WALTON
VI APPLEN
GRETHCHEN COLLIN
ARTIN AVETISOVE
RODDRIGO J. BOZOGHLIAN
MIRIAM RENZI
DANIEL FABIANO
LESLEY POWERS
ANGELA POWELL
MAX HIGGINS
SEAN DOWSING
KYRA BUCH
MICHAEL LE
ORCHID BARZIN
D. ROCKEY GOODELL III *
JENIFER WALLIS ‡

MARISSA GITTLER
MATTHEW E. KEARL
OLEN GUIAB *
COURTNEY ARBUCCI
JENNIFER KANTER
KHANRAT PIENSOOK
SHAKIRA L. FERGUSON *
JUSTIN SHERGILL
NARINE AVANES
ERIK BABAKHANIAN
ADAM ROEHRICK
LESLIE BRALEY
TONYA N. MALEK
BRANDON BRAGA
MONICA DE LEON
NEGIN IRANINEJADIAN
CORI GROVER
AMY WILKENS †
MELISSA PALOZOLA
EMILY EDWARDS
ERIN UYESHIMA
MELISSA GRANT
JESI WOLNIK
CARL CHEA
LINNETTE FLANIGAN
FATIMA BADREDDINE
STEVE PYUN
RANDALL ROMERO
INDOO DESAI *
DANIEL SULLIVAN
EVAN SCHUBE
KAVEH KESHMIRI
HILA GOLCHET
MARYAM MALEKI
RYAN GUIBOA
ALEXANDRA SEIBERT
LEARNED ESPINOSA

OF COUNSEL
THOMAS R. WAGNER

* Admitted in Multiple Jurisdiction
† Admitted to Practice Law in Arizona only
‡ Admitted to Practice Law in Alabama

October 19, 2015

**VIA U.S. MAIL**

Matthew P. Todd, Esq.
TODD & ASSOCIATES
904 Silver Spur Road, #423
Palos Verdes, California 90274

Re: **ALLISON, Kirstin, et al. v. City of Redondo Beach, et al.**
Case No.:           2:15-CV-07712-MWF-PLA (USDC, C.D. Cal.)
                    (*Formerly BC 554724 – LASC - Removed*)
MKERT File No.:     00061-044131
Incident Date:      08/16/2013

Dear Mr. Todd:

    The purpose of this letter is to follow up on setting an initial conference of counsel with you, pursuant to Fed. R. Civ. P. 26(f) – including a discussion of case management scheduling, anticipated discovery and potential protective orders, pleading issues, and other issues that we hope may streamline this litigation as we both proceed as esteemed opposing counsel representing our respective clients' interests. As noted in our email dated October 15, 2015, we are available for a Rule 26(f) conference or teleconference on multiple dates the week of November 2, 2015; and we look forward to hearing from you in order to calendar that meeting.

    To elaborate briefly on one of the issues we would like to confer with you about at that Rule 26(f) conference, and pursuant to U.S. Dist. Ct., C.D. Cal. Local Rule 7-1, <u>we would like to discuss a potential **stipulation for partial dismissal of claims** with you so as to correct certain deficiencies in the operative pleading</u> and to avoid the need for a defense motion for partial

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

Matthew P. Todd, Esq., Plaintiff's Counsel
Re: **ALLISON, Kirstin, et al. v. City of Redondo Beach, et al.**
October 19, 2015
Page 2

dismissal pursuant to Fed. R. Civ. P. 12(b). The bases for such stipulation, or in the alternative for a motion to dismiss, are as follows.

Upon review of plaintiff's operative Complaint, plaintiff's operative claims appear to be as follows:

1. A claim for **Excessive/Unreasonable Force** against decedent in violation of the Fourth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants CITY, CHIEF LEONARDI, POLICE OFFICERS 1-4, and DOES 1-80 [First Cause of Action];

2. A claim for *Monell* **Violation re Failure to Train, Supervise, and Discipline**, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants CITY, CHIEF LEONARDI, and DOES 1-80 [Second Cause of Action];

3. A claim for **Deprivation of Familial Relations** with decedent in violation of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants CITY, CHIEF LEONARDI, POLICE OFFICERS 1-4, and DOES 1-80 [Third Cause of Action];

4. A claim for **Equal Protection Violation** against decedent in violation of the Fourteenth Amendment to the U.S. Constitution, pursuant to 42 U.S.C. § 1983 by plaintiff against defendants CITY, CHIEF LEONARDI, POLICE OFFICERS 1-4, and DOES 1-80 [Fourth Cause of Action];

5. A claim for **Failure to Intervene to Preserve Civil Rights** re decedent, pursuant to 42 U.S.C. § 1986 by plaintiff against defendants CITY, CHIEF LEONARDI, POLICE OFFICERS 1-4, and DOES 1-80 [Fifth Cause of Action]; and

6. A claim for **Wrongful Death**, pursuant to Cal. Code Civ. Proc. § 377.60 by plaintiff against defendants CITY, CHIEF LEONARDI, POLICE OFFICERS 1-4, and DOES 1-80 [Sixth Cause of Action].

First, however, plaintiff's First, Second, Third, and Fifth Causes of Action include improper defendants. Specifically, the City and the Police Chief cannot be defendants to either plaintiff's Excessive Force claim or the Deprivation of Familial Relations Claim, or the other claims alleging violations of right by individual actors. Specifically, there is no vicarious liability under § 1983, so only the individual officers who allegedly used force on decedent are proper defendants to plaintiff's force-related claims (e.g., the First, Third, and Fifth Causes of Action). *See, e.g., Monell v. Department of Soc. Serv.*, 436 U.S. 658, 690-691, 694-695 (1978). **Accordingly, plaintiff should <u>dismiss with prejudice</u> the City and the Police Chief from**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

Matthew P. Todd, Esq., Plaintiff's Counsel
Re: **ALLISON, Kirstin, et al. v. City of Redondo Beach, et al.**
October 19, 2015
Page 3

plaintiff's First, Third, Fourth, and Fifth Causes of Action – leaving only the involved officers (such as Police Officers 1-4) as defendants to that claim.

Second, similarly, only the public entity, *not* the individual officers who committed the underlying constitutional violation (and not the police chief in his individual capacity), can be liable for *Monell* violation on a failure to train/supervise/discipline theory. *See id.* **Accordingly, plaintiff should dismiss with prejudice the Police Chief, Police Officers 1-4, and Does 1-80 from plaintiff's Second Cause of Action – leaving only the City as a defendant to that claim.**

Third, with regard to plaintiff's Equal Protection violation claim, plaintiff has stated no factual basis whatsoever to support such a discrimination claim. *See, e.g., DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 196-197 (1989); *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000). For example, plaintiff states no facts indicating that force was used on, or law enforcement services were denied to, decedent due to membership in a protected class. Moreover, plaintiff's pleading makes it clear that plaintiff cannot amend the Complaint to allege such facts with any evidentiary support, as is required by Fed. R. Civ. P. 11. *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1087-1088 (9th Cir. 2002). **Accordingly, plaintiff should dismiss with prejudice plaintiff's Fourth Cause of Action in its entirety.**

Fourth, plaintiff's Fifth Cause of Action relies upon 42 U.S.C. § 1986. But that statute involves unlawful conspiracy to deprive a party of civil rights: and plaintiff has pled absolutely no facts showing any conspiratorial plan or agreement. Rather, plaintiff's pleading in the Fifth Cause of Action seems to be duplicative of the claim alleged in the Second Cause of Action (for *Monell* violation). *See, e.g., Brown v. City of New York*, 306 F.Supp.2d 473, 478 (S.D.N.Y. 2004). **Accordingly, plaintiff should dismiss with prejudice plaintiff's Fifth Cause of Action in its entirety.**

Fifth and finally, plaintiff has named 80 Doe Defendants: this is excessive in a civil rights/use of force case. Plaintiff should consider dismissing with prejudice Does 11-80 so that it is clear to the Court and all parties that plaintiff is seeking to impose liability only: (a) against the officer(s) who used deadly force against decedent; and (b) against the public entity that employed those officers – and not that plaintiff seeks to expand the scope of this case beyond all precedent or reason. Additionally, please be advised that Police Chief Leonardi has long since retired and his involvement in this case is entirely unnecessary.

Please let us know, in writing, **no later than 5:00 p.m. on November 15, 2015** (or at our Rule 26(f) conference, whichever is sooner) whether plaintiff will stipulate to dismiss with prejudice the aforementioned operative claims and/or parties in this action or, in the alternative,

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

Matthew P. Todd, Esq., Plaintiff's Counsel
Re: <u>ALLISON, Kirstin, et al. v. City of Redondo Beach, et al.</u>
October 19, 2015
Page 4

if plaintiff intends to oppose the motion to dismiss that would otherwise be required. Please feel free to contact us if there is anything about this case that you would like to discuss. Thank you.

Very truly yours,
**MANNING & KASS
ELLROD, RAMIREZ, TRESTER** LLP

Mildred K. O'Linn, Esq.
Tony M. Sain, Esq.

MKO/TMS:itc
G:\docsdata\MKO\Allison\Letters\Pltf Counsel.001.M&C MTD.docx